IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT JAMES SWINT, JAMES STANLEY DEAN,<br><br>Plaintiffs,<br><br>vs.<br><br>INTERNATIONAL PAPER COMPANY, UNITED STATES OF AMERICA, BUSH BOAKE ALLEN, CHAMPION MASONITE,<br><br>Defendants. | CV 21–72–M–DLC<br><br><br>ORDER |

Plaintiff Robert James Swint[1] has filed a motion to proceed in forma pauperis (Doc. 1) and lodged a proposed complaint (Doc. 2). The Court will grant the in forma pauperis motion and dismiss the action pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.     In Forma Pauperis Motion (Doc. 1).**

Mr. Swint's motion and account statement are sufficient to make the requisite showing under 28 U.S.C. § 1915(a). As such, the motion to proceed in

---

[1] The complaint (Doc. 2) also names James Stanley Dean as a plaintiff but it only bears Robert James Swint's signature. Accordingly, James Stanley Dean is not a proper plaintiff to this action because Robert James Swint, who is proceeding pro se, cannot represent anybody but himself. *Welch v. Terhune*, 11 Fed. Appx. 747, 747 (9th Cir. 2001) (unpublished) (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)).

1

forma pauperis (Doc. 1) will be granted.

## II. Screening Analysis.

Because Mr. Swint is proceeding in forma pauperis, the Court will screen his complaint pursuant to 28 U.S.C. § 1915. Under federal law, this Court must dismiss this "case at any time if the court determines that . . . the action or appeal:" (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).[2] A complaint is frivolous when its "factual allegations and legal conclusions . . . lack[] an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes "not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*

A complaint fails to state a claim unless it includes "a plausible claim for relief with well-pleaded facts demonstrating the pleader's entitlement to relief." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1174 (9th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). In short, to state a claim, the well-pleaded facts in Mr. Swint's complaint must plausibly establish his right to relief. *Id.* This requires more than the mere recitation of the elements of a cause of action or conclusory legal conclusions. *Id.* With these principles in mind, the

---

[2] Even though § 1915(e)(2)(B) is found within the Prison Litigation Reform Act, it applies with equal force to non-prisoner pro se plaintiffs proceeding in forma pauperis. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

Court will examine Mr. Swint's complaint.

Mr. Swint's complaint spans two pages and states as follows:

Jurisdiction

42 USC §§ title VII – Descrimination (sic)

Facts

In 1986, World Population set for 6.2 billion in 2000, after being split in 1955, New York Times, And declared 62 billion in 1921.  April 26, 2000 I.P. or International Paper offers 6.2 billion for Champion.  Same day World Intellection Property Day is declared, And Howard Deans Anti-GA bill signed in Vermont, IP also made a deal in 2000 set For New York at end of 2001, with Bush Boake Allen signing the 1988 Masonite, Robert Swint.  Mary Mo ran, Mr Stan, James Dean, J.D. Power vs Robert Keebler And Associates.

Relief

I need help out of this mess And 2 a home, but First turn the courts into a proposed to a girl Im trying to impress.

(Doc. 2 at 1–2.)

This is not Mr. Swint's first civil lawsuit.  Instead, a "review of Public Access to Court Electronic Records (PACER) shows that, since December 2020, Plaintiff has filed more than 40 pro se civil actions and appeals in federal courts around the country."  *Swint v. Mueller*, 2021 WL 2441128, *2 (S.D.N.Y. 2021).  "[E]very case that has been addressed on the merits has been dismissed as either frivolous or duplicative, for failure to state a claim, or for lack of subject matter jurisdiction."  *Id.*  The same is true in this case.

Even affording Mr. Swint's complaint the liberal construction it deserves, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it cannot be construed as anything other than frivolous. Mr. Swint's allegations do not plausibly establish any basis for relief under the law. Although the complaint cites to Title VII of the Civil Rights Act of 1964 (Doc. 2 at 1), that provision of federal law prohibits employers from discriminating "against any individual with respect to . . . compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); *see also Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1034 (9th Cir. 2005). Mr. Swint's complaint does not contain any allegations plausibly establishing that he was subjected to employment discrimination on the basis of his race, color, religion, sex, or national origin. The complaint cannot be plausibly read to state any other claim for relief. In short, it is frivolous.

Because Mr. Swint's complaint is "both incomprehensible and irrational," the Court finds that any amendment would be futile. *Swint v. International Paper Co.*, 2021 WL 2785322, *3 (D. Alaska 2021) (collecting frivolous cases filed by Mr. Swint to conclude amendment would be improper).

## Order

Accordingly, IT IS ORDERED that Mr. Swint's motion to proceed in forma pauperis (Doc. 1) is GRANTED. The Clerk of Court shall waive the filing fee.

IT IS FURTHER ORDERED that the lodged complaint (Doc. 2) shall be deemed filed on June 10, 2021.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(e)(2)(B), this action is DISMISSED. The Clerk of Court is directed to close the case file and enter judgment by separate document.

IT IS FURTHER ORDERED that the Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this Order would not be taken in good faith. Mr. Swint's complaint is frivolous and fails to state a claim upon which relief can be granted.

DATED this 13th day of September, 2021.

_____
Dana L. Christensen, District Judge
United States District Court